**Krishna Apeles Edward SUMANTI; Tuty Astriet Sumanti, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–70767.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

644

Submitted Oct. 16, 2008.*

Filed Oct. 24, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioners.

Stephen J. Flynn, Michelle E. Gorden Latour, Peter H. Matson, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM **

Krishna Apeles Edward Sumanti, and his wife, both natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Even if their asylum application had been timely filed, substantial evidence supports the IJ's conclusion that petitioners did not establish eligibility for asylum because the mistreatment they suffered during a single incident in 1973 in Indonesia did not rise to the level of past persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003). Substantial evidence also supports the IJ's conclusion that petitioners did not establish a well-founded fear of future persecution because even if the disfavored group analysis set forth in *Sael* applies to Indonesian Christians, petitioners have not demonstrated an individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). Further, the record does not compel the conclusion that petitioners have demonstrated a pattern and practice of persecution against Indonesian Christians. *See Lolong v.Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

Because petitioners did not establish eligibility for asylum, it necessarily follows that they did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence also supports the agency's determination that petitioners are not entitled to CAT relief because they have not demonstrated that it is more likely than not that they will be tortured if they return to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**